**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
Matthew M. Loker, Esq. (279939)
ml@kazlg.com
Elizabeth A. Wagner, Esq. (317098)
elizabeth@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**LAW OFFICE OF DANIEL G. SHAY**
Daniel G. Shay, Esq.
danielshay@tcpafdcpa.com
409 Camino Del Rio South, Suite 101B
San Diego, CA 92108
Telephone: (619) 222-7249
Facsimile: (866) 431-3292

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Ste. 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff,*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

**HOLLY HOLMES, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**

Plaintiff,

v.

**JP MORGAN CHASE BANK,**

Defendant.

**Case No.:** '18CV1693 DMS JLB

**CLASS ACTION**

**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, CAL. CIV. CODE § 1785.1, *ET SEQ.***

**JURY TRIAL DEMANDED**



KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

## INTRODUCTION

1. The California legislature found that the banking system is dependent upon fair and accurate credit reporting; and that, inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. The California Consumer Credit Reporting Agencies Act was enacted to insure fair and accurate reporting, promote efficiency in the banking system and protect consumer privacy; and to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers.[1]
2. HOLLY HOLMES ("Plaintiff") by Plaintiff's attorneys, brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, to challenge the illegal actions of JPMORGAN CHASE BANK ("Defendant") in reporting erroneous negative and derogatory information on Plaintiff's credit report, as that term is defined by Cal. Civ. Code §§ 1785.3(c).
3. Plaintiffs make these allegations on information and belief, with the exception of those allegations that pertain to a Plaintiff, or to a Plaintiff's counsel, which Plaintiffs allege on personal knowledge.
4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.
5. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

[1] Cal Civ. Code § 1785.1

6. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendant named.

## JURISDICTION AND VENUE

7. Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff, a resident of the State of California, seeks relief on behalf of a national class, which will result in at least one class member belonging to a different state than that of Defendant, a company with its principal place of business in and State of Incorporation in the State of New York.

8. Plaintiff also seeks the greater of statutory punitive damages of $5,000 per violation per violation pursuant to Cal. Civ. Code § 1785.31, which, when aggregated among a proposed class number in the tens of thousands, exceeds the $5,000,000 threshold for federal court jurisdiction.

9. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

10. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of San Diego, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendants conducted business within this judicial district at all times relevant.

## PARTIES

11. Plaintiff is a natural person who resides in the County of San Diego, State of California and is a "consumer" as that term is defined by Cal. Civ. Code § 1785.3(c).

12. Plaintiff is informed and believes, and thereon alleges, that Defendant is a company whose State of Incorporation and principal place of business is New York.
13. The causes of action herein pertains to Plaintiff's "consumer credit report" as that term is defined by Cal. Civ. Code § 1785.3(d), in that inaccurate representations of Plaintiff's credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.
14. Defendant is a partnership, corporation, association, or other entity, and is therefore a "person" as that term is defined by Cal. Civ. Code § 1785.3(j).

## FACTUAL ALLEGATIONS

15. At all times relevant, Plaintiff is an individual residing within the State of California.
16. Plaintiff is informed and believes, and thereon alleges, that at all time relevant, Defendant conducted business in the State of California.
17. In or about 2006, Plaintiff allegedly incurred financial obligations to the original creditor, Defendant, that were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person in the form of a second mortgage.
18. In or about 2010, Plaintiff filed for a Chapter 13 Bankruptcy.
19. Said Bankruptcy petition included Plaintiff's second mortgage with Defendant for account number: 465091818****.
20. The account with Defendant was subsequently discharged and the account with Defendant was closed on or about February 23, 2011.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

21. To date, Defendant is reporting that Plaintiff has a monthly payment obligation. Specifically, Defendant is reporting "$498 per month, paid Monthly for 180 months."

22. This is inaccurate as the account is closed and has also been discharged making Plaintiff's monthly payment obligation $0.

23. The failure to correctly report the $0 monthly payment inaccurately and misleadingly suggested that Plaintiff still has a personal legal liability to pay the alleged Debt, which is the opposite effect of receiving a bankruptcy discharge.

24. Defendant's reporting of post-Bankruptcy derogatory information was also inaccurate and materially misleading because Defendant continued reporting information based on Defendant's pre-bankruptcy contract terms with the Plaintiff, which were no longer enforceable upon the filing of the Bankruptcy and ultimate successful discharge, thereby rendering the disputed information inaccurate and materially misleading.

25. Potential creditors familiar with Defendant's standard credit reporting methods would be misled by seeing Defendant reporting post-Bankruptcy account balances and delinquencies in respect to the Debt to believe that Plaintiff incurred new debt during the Bankruptcy or that Plaintiff reaffirmed the debt notwithstanding the discharge because Defendant's reporting deviated from Metro 2 reporting instructions.

26. However, Plaintiff did not incur new debt with Defendant during the Bankruptcy proceeding or reaffirm the Debt in the Bankruptcy.

27. Accordingly, by reporting post-Bankruptcy derogatory information, Defendant did not comply with the Metro 2 format.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

28. Even if Defendant reported accurately elsewhere in the same account tradeline that the Debt was included in the Bankruptcy, such reporting would be patently inconsistent, confuse potential creditors, and thus, be inherently inaccurate and materially misleading.

29. Furnishers utilizing the Metro 2 reporting standard correctly is crucial because the Metro 2 system creates a uniform standard for the meaning given to each field provided, which fosters consistency in how furnishers formulate data to report to the credit bureaus, which ultimately leads to objective credit evaluations.

30. Through this conduct, Defendant has violated Cal. Civ. Code § 1785.25(a) by furnishing information to consumer reporting agencies that Defendant knew or should known was inaccurate.

31. Through this conduct, Defendant is liable under Cal. Civ. Code § 1785.25(g) because Defendant did not have in place reasonable procedures to comply with the CCCRAA.

32. By reporting inaccurate information to the credit bureaus, Defendant has misrepresented the status of Plaintiff's financial obligations, specifically Plaintiff's payment obligations for a paid and/or closed and/or discharged account.

33. As a result of Defendant's improper and unauthorized conduct, Plaintiff has suffered actual damages due to Defendant's misrepresentations regarding Plaintiff's current payment obligations.

34. Furthermore, Plaintiff is not alone; Defendant has improperly and unlawfully reported that other consumers have a current monthly payment obligation when in fact the account has been paid and/or closed and/or discharged in bankruptcy.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

## CLASS ALLEGATIONS

35. Plaintiff brings this action on Plaintiff's own behalf, and on behalf of all others similarly situated.

36. Plaintiff is among many thousands of persons in the United States who have filed bankruptcies pursuant to Chapters 7 and 13 of the U.S. Bankruptcy Code and who have been granted orders of discharge by a U.S. Bankruptcy Court. Under federal bankruptcy laws, such an order fully and completely discharges all statutorily dischargeable debts incurred prior to the filing of bankruptcies, except for those that have been: (1) reaffirmed by the debtor in a reaffirmation agreement; or (2) successfully challenged as non-dischargeable by one of the creditors in a related adversary proceeding. Plaintiff and the Class Members are persons for whom the debts at issue have been discharged through bankruptcy.

37. Defendant has knowledge of when its past due debts are discharged because it receives a discharge notice from the U.S. Bankruptcy Court.

38. Despite the fact that Defendant has received notice of the discharge of each Class Member's debt to Defendant, Defendant has a deliberate policy of not notifying credit reporting agencies that debts formerly owing to Defendant are no longer "charged off" or currently still due and owing because they have been discharged in bankruptcy. As a result of Defendant's refusal to make such updates to credit reporting agencies, debts that have been discharged in bankruptcy are instead listed on Class Members' credit reports as "past due" and/or "charged off." These notations clearly indicate to potential creditors, employers, or other third parties that a Class Member still owes a debt and that debt may be subject to collection. These notations therefore adversely affect a Class Member's ability to obtain credit or employment and have the inherent coercive effect of inducing Class Members to make payment on the debt.

39. Moreover, Defendant's failure and further refusal to update credit report tradelines for many thousands of consumers to reflect that their debts were, in fact, discharged in Bankruptcy, as opposed to reporting a *current* (pay) status of "charged off" or "past due", runs afoul to Section 727 of the Bankruptcy Code and *the* primary purpose of the protection offered by the Bankruptcy Code—the discharge of a debt. *Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365, 367 (2007).

40. Upon information and belief, Defendant has a deliberate policy of refusing the debtors' requests to remove "charged off" and other similar "past due" *current* (pay) statuses from the Defendant's debts that were transferred/sold prior to the filing of the bankruptcy from the debtors' credit reports. As a result, the credit reports of these individuals and of all Class Members incorrectly show their indebtedness to Defendant to be legally collectible.

41. Defendant knew that the existence of such inaccurate information in the Class Members' credit reports would damage the Class Members' credit ratings and their ability to obtain new credit, a lease, a mortgage or employment, all of which may be essential to reestablishing their life after going through bankruptcy.

42. Defendant has chosen not to advise the CRAs of the fact that the Class Members' debts have been discharged because Defendant continues to receive payment either directly or indirectly on discharged debts. This results from the fact that Class Members, in order to obtain favorable credit or credit at all, often feel it necessary to pay off the debt despite its discharge in order to remove the inaccurate information from their credit reports.

43. Class Members often believe that they must pay the debt in order to remove it from the credit reports because they are often advised prior to bankruptcy by Defendant that, if their debt is marked as unpaid or charged off, it will dramatically affect their credit rating and will severely impact their ability to

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

receive credit in the future.

44. Defendant has adopted a systematic pattern and practice of failing and refusing to update credit information with regard to debts discharged in bankruptcy. Defendant knows that if the credit information is not updated, then many Class Members will feel compelled to pay off the debt even though it is discharged in bankruptcy. Thus, Defendant knows they will be able to collect portions of Defendant's debt despite the discharge of that debt in bankruptcy through the power of inaccurate and misleading credit reporting.

45. Defendant therefore has a clear economic incentive to violate the FDCPA, RFDCPA, and CCCRAA.

46. Plaintiffs defines the CCCRAA Class as:

> (i) all persons with addresses within in the State of California; (ii) who have an account(s) with Defendant; (iii) where said account was discharged in bankruptcy; (v) where Defendant reported a monthly payment obligation; (vi) within one year prior to the filing of the Complaint in this action.

47. Defendant and their employees or agents are excluded from the Class.

48. Plaintiff does not know the exact number of persons in the Class, but believes them to be in the several hundreds, if not thousands, making joinder of all these actions impracticable.

49. The identity of the individual members is ascertainable through Defendant's and/or Defendant's agents' records or by public notice.

50. There is a well-defined community of interest in the questions of law and fact involved affecting the members of The Class. The questions of law and fact common to The Class predominate over questions affecting only individual class members, and include, but are not limited to, the following:

    a. Whether Defendant has a standard procedure of continuing to report a monthly payment obligation after an account is paid and/or closed and/or discharged;

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

b. Whether such practice violates the CCCRAA;

c. Whether members of the Class are entitled to the remedies under the CCCRAA;

d. Whether members of the Class are entitled to declaratory relief;

e. Whether Defendant should be enjoined from reporting such inaccurate information to the credit reporting agencies;

f. Whether members of the Class are entitled to injunctive relief; and,

g. Whether Defendant can satisfy Defendant's bona fide error affirmative defense.

51. Plaintiff will fairly and adequately protect the interest of the Class.

52. Plaintiff has retained counsel experienced in consumer class action litigation and in handling claims involving unlawful debt collection practices.

53. Plaintiff's claims are typical of the claims of The Class, which all arise from the same operative facts involving reporting a monthly payment obligation after an account is paid and/or closed and/or discharged.

54. A class action is a superior method for the fair and efficient adjudication of this controversy.

55. Class-wide damages are essential to induce Defendant to comply with the state laws alleged in the Complaint.

56. Class members are unlikely to prosecute such claims on an individual basis since the maximum statutory punitive damages award of $5,000 is relatively small. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims, e.g., securities fraud.

57. Plaintiff and the Class seek injunctive relief against Defendant to refrain from reporting such inaccurate information to the credit reporting agencies.

58. Defendant has acted on grounds generally applicable to the Class thereby making appropriate final declaratory relief with respect to the Class as a whole.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

59. Members of the Class are likely to unaware of their rights.

60. Plaintiff contemplates providing notice to the putative class members by direct mail in the form of a postcard and via publication.

## CLASS CAUSES OF ACTION CLAIMED BY PLAINTIFFS

## COUNT I

## VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT (CCCRAA)

**Cal. Civ. Code § 1785.1, *et seq.***

[Against All Defendants]

61. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

62. The foregoing acts and omissions constitute numerous and multiple violations of the California Consumer Credit Reporting Agencies Act.

63. In the regular course of its business operations, Defendant routinely furnishes information to credit reporting agencies pertaining to transactions between Defendant and Defendant's consumers, so as to provide information to a consumer's credit worthiness, credit standing and credit capacity.

64. Because Defendant is a partnership, corporation, association, or other entity, and is therefore a "person" as that term is defined by Cal. Civ. Code § 1785.3(j), Defendant is and always was obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should have known that the information is incomplete or inaccurate, as required by Cal. Civ. Code § 1785.25(a). Defendant knew or should have known that Defendant was not able to report monthly payment obligations on accounts that have been paid and/or closed and/or discharged. Thus, Defendant violated Cal. Civ. Code § 1785.25(a).

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Class Members pray for judgment as follows:

- Certifying the Classes as requested herein;
- Providing such further relief as may be just and proper.
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1785.31(a)(2)(A), against each named Defendant individually;
- An Award of attorneys' fees and costs pursuant to Cal. Civ. Code § 1785.31(a)(1); and, Cal. Civ. Code § 1785.31(d) against each named Defendant individually;
- An award of punitive damages of $100-$5,000 per willful violation of Cal. Civ. Code § 1785.25(a), pursuant to Cal. Civ. Code § 1785.31(a)(2)(B);
- For equitable and injunctive relief pursuant to Cal. Civ. Code § 1785.31(b); and,
- Any and all other relief that this Court deems just and proper.

## TRIAL BY JURY

65. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs and The Classes are entitled to, and demand, a trial by jury.

Dated: July 25, 2018

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: ___/s/ Matthew M. Loker___
MATTHEW M. LOKER, ESQ.
ATTORNEY FOR PLAINTIFF

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626